# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**FILED**
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2025 DEC 29 PM 5:01

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

KENTRELL DEWAYNE ROMAN,

Plaintiff,

vs

American Airlines

AKA

AMERICAN AIRLINES, INC.,

Defendant

COMPLAINT FOR LOSS PROPERTY AND GROSS NEGLIGENCE

## COMPLAINT: PROPERTY LOSS AND GROSS NEGLIGENCE

PRESENTING Plaintiff, Kentrell Roman via pro se and for his complaint against the Defendant, American Airlines, Inc., alleges the following: property loss, gross negligence at fault American Airlines, Inc.

### Introduction

This is an action brought pursuant to the pursuant 14 CFR § 254.4 by the Defendant, American Airlines, Inc. which claims gross negligence

### Parties

1. Kentrell Dewayne Roman, individual, who was recently "passenger" on flights owned and operated by Defendant.

2. Mr. Roman is cosidered natural person whom resides in the state of Colorado.

3. American Airlines aka American Airlines, Inc.

- 1

4. American Airlines, Inc. displays corporate address: 4333 Amon Carter Blvd., Fort Worth, TX 76155

5. American Airlines, Inc. byway of electronic process, web search with use of Google, specific website:

## Jurisdiction

6. Kentrell Dewayne Roman is present the filing of this complaint citizen of the United States of America and resident of the state of Colorado.

7. American Airlines, Inc. operates in United States of America and is registered trademark in the state of Delaware.

8. Kentrell Dewayne Roman traveled into and through airspace of many states on his departure with a final destination of Zurich, Switzerland.

## Background

9. On the evening of Thursday, December 28th, 2023, Kentrell Dewayne Roman boarded an American Airlines flight destined for Zürich which he purchased himself on the website aa.com and received confirmation which included flight and connecting flight details at 1351 hours Central Standard Time at his personal email address as follows: kentrellr@protonmail.com

10. Kentrell Dewayne Roman purchased the one-way flight directly from American Airlines at the website aa.com with the use of his personal debit card; banked with La Capitol Federal Credit Union and ending in the digits *5858.

- 2

11. American Airlines scheduled the flight plan and assigned Kentrell Dewayne Roman trip a unique identifier consisting of letters with the following information: LNFQDL.

12. Kentrell Dewayne Roman arrived at the airport with plans of a trip which began flight "AA 3729" and attempted a self-paid baggage check drop-off at Baton Rouge Metropolitan Airport (BTR) at an address displayed in Google Maps with verbatim information: 9430 Jackie Cochran Dr, Baton Rouge, LA 70811.

13. Mr. Roman arrived at the counter in a number which did not exceed five (5) minutes after drop-off with use of Lyft, Inc. at hours and minutes of 1732 Central Standard Time and attempted a cash payment.

14. The initial rideshare Kentrell Dewayne Roman was initiated by himself and involved NO other and separate passenger other than himself.

15. Mr. Roman scheduled the rideshare service, Lyft, Inc. with a pickup at the address: 2646 Florida Boulevard instead of his usual and often address of: 2720 Alaska Street, Baton Rouge, Louisiana 70802 for personal reasons and a drop-off at the address: 9430 Jackie Cochran Drive, Baton Rouge, Louisiana (LA) and paid $18.19 United States Dollars (USD) with the use of Apple Pay and a visa card which is likely connected to the card used to purchase the aforementioned American Airlines trip.

16. Kentrell Dewayne Roman found a purported American Airlines counter attendant and attempted the cash payment for two (2) pieces of checked luggage, both weighed a minimum fifty (50) pounds; the attendant denied

- 3

service and stated debit/credit card payments were the only forms of payment allowed at the counter and the count did not accept cash payments.

17. Kentrell Dewayne Roman arrived with United States Dollars or U.S. currency and the alleged agent did not allow Mr. Roman the opportunity to present his cash prior to the payment method denial.

18. Kentrell Dewayne Roman used a rideshare service, Uber Technologies, Inc. and paid $24.87 USD to travel from the Baton Rouge Metropolitan Airport to 6404 Hooper Road, Baton Rouge, Louisiana 70811-2433, US; there he purchased a VISA, American Express, **OR** MasterCard, commonly referenced as a "gift card", with an intention of use as a valid payment method required to check his luggage—he returned with use of the same rideshare which is aforementioned in bulletin point numbered thirteen (13).

19. Once Mr. Roman arrived at the ticket counter with gift card in his possession, he paid American Airlines approximately $180.00 USD with use of the gift card purchased moments prior at a nearby convenience store.

20. Kentrell Dewayne Roman relinquished his two (2) pieces of luggage to the purported American Airlines agent at the Baton Rouge Metropolitan Airport or BTR and weighed the luggage prior to his departure.

21. The Plaintiff boarded all flights outlined by American Airlines within an email received on Thursday, December 7th, 2023.

22. Kentrell Dewayne Roman received an itinerary which included a departure flight at a time of 1848 hours Central Standard Time on Thursday,

- 4

December 28th, 2023 and boarded an aircraft and/or "airbus" with the purported flight number: AA 3729.

23. Mr. Roman traveled domestically and deplaned at a supposed location of Dallas-Fort Worth, Texas and utilized the Dallas Fort-Worth International Airport (DFW) there as a transfer point which connected himself with a different flight and aircraft and/or airbus.

24. Kentrell Dewayne Roman boarded a flight with a scheduled departure of 1005 hours Central Standard Time on the date of December 28th, 2023 and a flight number of "AA 8631" destined for Madrid, Spain where he utilized the Adolfo Suárez Madrid-Barajas Airport which apparently possess a airport code and/or acronym "MAD".

25. Kentrell Dewayne Roman had not traveled internationally within the year of 2023 and flight "AA 8631" was the **ONLY** international flight that Mr. Roman boarded which traveled from the United States of America to Europe.

26. Central Europe and/or Western Europe and the location of the country Switzerland is the furthest point inland in which Kentrell Dewayne Roman traveled into that region of Europe.

27. The country Spain had a limited use which extended not beyond the scope of a transfer site at the "MAD" and contained the sole purpose of the use of the Adolfo Suárez Madrid-Barajas Airport as **NOTHING** other than a transfer point with a final destination of Zürich, Switzerland.

- 5

28. Kentrell Dewayne Roman arrived at "MAD" with a purported address, with use of aa.com, displayed as:

    1. Aeropuerto Adolfo Suarez Madrid-Barajas
       28042 Madrid
       Spain

29. Kentrell Dewayne Roman only utilized "MAD" with intentions of a transfer to flight numbered "IB 3474" with a scheduled departure of 1630 hours Central Standard Time on the date of December 29th, 2023 and destined for the city of Zürich in the country of Switzerland.

30. Kentrell Dewayne Roman had been scheduled an arrival time of 1855 hours Central Standard Time at the Flughafen Airport or Zürich Kloten (ZRH) airport which with use of aa.com displays address:

    1. Zurich-Kloten Airport
       CH-8058 Zurich Flughafen
       Zurich, Switzerland

31. After Mr. Roman arrived at the "ZRH" airport he promptly traveled to the designated baggage claim area with intentions of retrieval of his… checked luggage, which he paid American Airlines, and had paid no littler than $180.00 USD, to arrive at the time of his arrival of 1855 hours Central Standard in the city of Zürich and the country of Switzerland.

32. The Defendant misrepresented what had been intended for the checked luggage in that the luggage had not arrived at the destination; alleged airport with whom Kentrell Dewayne Roman made contact had not provided the Plaintiff with his luggage, Mr. Roman did not receive his luggage in its

- 6

entirety at any point in time after his **INITIAL** and **ONLY** trip to the country of Switzerland which leads to present date of the complaint filed.

33. Mr. Roman spent time over one (1) month inside of mental health hospitals in the country of Switzerland in the states/providences/cantons of Neuchàtel, Fribourg, and Zürich as a result of the extreme cold and lack clothes and his clothes did become delivered to Kentrell Dewayne Roman mid-April in year 2024.

34. Mr. Roman boarded a flight within one (1) week of receipt of one (1) piece of luggage; less half his wardrobe packed prior his exit Zürich, Switzerland.

35. Mr. Roman departed Zürich, Switzerland on April 20th, 2024 and boarded a nonstop flight which arrived in Chicago, Illinois on April 20th, 2024; afternoon.

36. The Plaintiff arrived at Zürich, Switzerland less two (2) weeks start of Winter Solstice 2023.

37. Kentrell Dewayne Roman arrived at Switzerland with little clothes which is necessary for warmth in such a cold climate.

38. Mr. Roman <u>**REMAINED**</u> in the country of Switzerland entirely betwixt dates of Friday, December 29th, 2023 through Saturday, April 20th, 2024—timeframes within this line unspecified; zenith of Winter Solstice; adequate clothes which were packed with intention: personal hygiene and cold-weather and/or climate considered.

39. Plaintiff suffered emotional and physical damages for which he pursues recompense in the form of financial reimbursement.

40. Mr. Roman received communication from purported American Airlines, Inc. representatives whom stated lost luggage review conducted within the Dallas Fort-Worth International Airport (DFW) network and did not locate his second (2nd) piece of luggage which had been checked with the Defendant.

41. The value of lost luggage exceeds amount $4700.00 USD: Plaintiff demands include relief byway of lost luggage.

42. Multiple contacts made with American Airlines, Inc. in attempt of luggage retrieval proved failures in that luggage is lost and luggage did not become delivered nearest an entirety of his trip.

43. Personal devices marketed and purchased by Plaintiff with purpose, purportedly tracked his luggage and had been included within each piece of checked luggage; Apple, Inc., purportedly designed and manufactured devices utilized amid the trip Mr. Roman embarked upon to Zürich, Switzerland.

44. Kentrell Dewayne Roman made repeated attempts in which he contacted American Airlines, Inc. and found his luggage at airports within purported baggage claim areas with use of Apple, Inc. branded technologies.

45. Mr. Roman found his tracked luggage at various airports each instance he checked prior the month of April.

46. Despite his due diligence, personal data collected rationalizes the Defendant acted in manners in which misrepresented whereabouts of Mr. Roman's checked luggage.

- 8

47. Included on and or inside checked luggage were detailed cards on which Mr. Roman legibly scribed personal information in event his luggage had been lost or delayed; included was his email address which is current and in use at present date and time of this complaint and had been prior the start of his trip into the country of Switzerland.

48. Plaintiff experienced loss of cellular data services which he intended use throughout his trip in the country of Switzerland; however, at his earliest opportunity, he purchased cellular service at a storefront within the country of Switzerland; cellular provider name: Salt.

49. Mr. Roman prioritized prepared foods, groceries and/or unprepared foods, beverages which include: hot coffee, hot teas, smoothies, orange juice, fresh drinkable water, etc., warm clothes, and toiletries purchases necessary on said trip.

50. Purchase of clothes were result American Airlines, Inc., unusual, reckless, and negligent actions which affected checked luggage received by Defendant.

51. Kentrell Dewayne Roman contracted pneumonia-like illness in Switzerland where he necessitated higher priced food and beverage items were purchased in convalescence attempt.

52. The Defendant is direct cause of pneumonia-like illness in that Mr. Roman found himself inappropriately clothed and battled inadequate hygiene in

- 9

apparently frigid temperatures in height of Winter season in the country of Switzerland.

53. Kentrell Dewayne Roman submitted a claim which had been requested by American Airlines which involved lost items reimbursement.

54. American Airlines, Inc. cited internal rule created by American Airlines, Inc. which Defendant (American Airlines, Inc.) considered grounds for claim denial.

55. Mr. Roman suffered emotional, mental, and physical damages caused by Defendant actions whilst he traversed Switzerland where he spent upwards two (2) months in professional medical care, in four (4) distinct facilities which Mr. Roman interacted with in capacity of medical facilities.

56. American Airlines, Inc. admitted luggage is lost through email communication within years 2024 and 2025.

57. American Airlines, Inc. alleged an internal investigation which had been purported necessary in search of undelivered luggage prior American Airlines, Inc. declaration of lost luggage and late luggage delivery.

58. Mr. Roman necessitated purchase of clothes with inadequate funds.

59. Kentrell Dewayne Roman traveled Switzerland with little clothes on his person which created challenges which concerned his personal health and hygiene.

60. Plaintiff requested assistance with baggage trace after deplaned Flight numbered "IB 3474" with alleged local staff at ZRH where said alleged staff refused proper trace of checked luggage.

- 10

61. Mr. Roman visited designated information desk at international airport in Zürich where landline phone had been utilized and contact made with purported American Airlines staff in search and delivery of his checked luggage.

62. Plaintiff received communications about online systems which passengers could utilize in search of checked luggage undelivered or lost.

63. Mr. Roman made contacts with American Airlines in search of his luggage multiple instances throughout his trip and experienced a lost associated with one (1) piece of luggage which contained merchandise he purchased with use of his own funds.

64. The Defendant caused a delay of one (1) piece of Mr. Roman's luggage which exceeded three (3) months.

65. Mr. Roman, without proper attire, at fault of the Defendant, experienced frigid cold temperatures well below 37° Fahrenheit.

66. Without change of clothes, Mr. Roman experiences unhygienic living conditions.

67. Mr. Roman sought medical health professional assistance which is direct result of the negligence of American Airlines, Inc.

68. Mr. Roman had been guaranteed by apparent, alleged American Airlines, Inc. staff his clothes, shoes, and accessories included within his checked luggage a delivery date and time which matched his itinerary.

- 11

69. American Airlines, Inc. provided Kentrell Dewayne Roman with two (2) tickets which were purported direct reference with each piece of checked luggage.

70. American Airlines Inc. provided Kentrell Dewayne Roman false information at point of sale; Defendant stated checked luggage is arrived at location same-time which matches receipt of itinerary produced and provided by American Airlines, Inc., he arrived at the destination; the luggage did not arrive before three (3) months into his visit into Switzerland and one (1) piece of luggage is lost.

71. Defendant runs legitimate business in where clients travel and expect luggage is arrived at location with said passenger when luggage is checked at start of trip.

72. Mr. Roman is experienced in both international travel and domestic travel—baggage checked had not been misplaced or delayed in excess of twenty-four (24) hours prior his trip into Switzerland which he embarked on Friday, December 28th, 2025.

73. American Airlines, Inc. had been negligent in communication of correct delivery timeframe and whereabouts of luggage.

74. Defendant is known to offer per diem and lump sums of monies in form of some semblance of monetary compensation in events where baggage is delayed and or lost.

75. Passengers whom travel with airlines such the Defendant expect luggage is arrived or delivered within appropriate timeframes in event of delay and can expect compensation in events where luggage is delayed and or lost.

76. Unfortunately, Mr. Roman, entrusted in Defendant and their statement, provided documentation, and prior business transactions with said Defendant, that his luggage arrived at the designated last stop on his trip to the country Switzerland.

77. American Airlines offered service and provided information about such service in which Kentrell Dewayne Roman trusted and therefore Mr. Roman found himself sick, distressed, physically harmed, and at major loss.

## Legal Excerpt

78. Pursuant 14 CFR 254.14; law states: "On any flight segment using large aircraft, or on **any flight segment that is included on the same ticket as another flight segment that uses large aircraft**, an air carrier shall **not** limit its liability for provable **direct or consequential damages** resulting from the **disappearance** of, **damage** to, or **delay** in delivery of a passenger's personal property, including **baggage**, in its custody to an amount less than **$4,700** for each passenger." American Airlines, Inc. created a delay in the delivery of his one (1) piece of his checked baggage and/or luggage, created a disappearance of one (1) piece of checked baggage, created unhygienic circumstances, emotional distress, and physical harm through the actions of alleged representatives and practices. The Defendant created a trip plan or itinerary which had been delivered through email communication and

- 13

received by Kentrell Dewayne Roman after purchase of a one-way trip billet with had been scheduled a depart from Baton Rouge city, physically located in Louisiana state and arrival, next-day: Zürich, Switzerland. The itinerary produced by American Airlines, Inc. included a stop in Dallas Fort-Worth, Texas with utilization of international airport facilities there and, Mr. Roman tracked one (1) piece of luggage with use of personal, individual, technologically assisted, methods which alluded luggage had remained within United States of America and did not become delivered at agreed upon destination. Mr. Roman found additional clothes necessary on his planned trip which had a final destination of Zürich, Switzerland and necessitated purchase of additional clothes with limited funds in which he reorganized personal funds earned prior his departure and by way of school refunds within higher education and income tax monies refunded by Internal Revenue Services on both state and federal levels. Purchase of clothes had been unplanned prior his departure and Mr. Roman had **NO** intentions which included purchase of additional clothes; lost luggage byway of Defendant negligence created catalyst undesigned, and necessity of additional clothes purchases. Luggage is lost and not received. Defendant admitted fault by way of email correspondence. Luggage delayed and American Airlines, Inc communicated fault and remorse.

79. Pursuant negligence claim: By way of email correspondence Defendant admitted on and prior date of Thursday, July 31st, 2025 luggage delay and lost. Defendant failed concession in form of monetary recompense caused by

- 14

Defendant and delay of luggage. Defendant failed concession in form of monetary recompense caused by Defendant and disappearance of or lost luggage.

Mr. Roman filed inquiry with United States Department of Transportation Office of Aviation Consumer Protection: purported division of United States Department of Transportation; where claim had been submitted on or before date of Wednesday, June 4th, 2025; included in inquiry: declaration of baggage delay caused by American Airlines, Inc.; included in inquiry: declaration of baggage lost caused by American Airlines, Inc.

American Airlines, Inc. provided Plaintiff byway of email correspondence on date of Wednesday, January 17th, 2025 statement: property of Kentrell Dewayne Roman had been in its temporary possession.

On date of Sunday, January 28th, 2025, Mr. Roman replied in truth about correspondence received on aforementioned date of Wednesday, January 17th, 2025 from American Airlines, Inc whilst in a medical institution and expressed interest and expectation checked luggage are scheduled and delivery delayed in final destination of Zürich, Switzerland.

Kentrell Dewayne Roman submitted follow up message on date of Friday, September 16th, 2024 where interest in luggage delivery was expressed and luggage had not been delivered.

On date of Tuesday, February 20th, 2024, Kentrell Dewayne Roman received communication from American Airlines, Inc. which stated: assistance is provided if Iberia didn't respond with three (3) days.

On date of Wednesday, February 21st, 2024, Kentrell Dewayne Roman received communication from Defendant which stated: baggage and/or luggage is searched.

On date of Thursday, March 21st, 2024, Plaintiff provided Defendant reply by way of email— whilst in medical care— correspondence and stated: prior correspondence confused himself; he stated he expected bag search incomplete.

On date of Friday, March 22nd, 2024, Plaintiff received response from American Airlines, Inc. where it is stated: form is needed, express of unknown luggage whereabouts, resolution is followed in luggage and/or baggage unfounded.

On date of Friday, April 5th, 2024, Kentrell Dewayne Roman, from within a medical facility, responded and provided requested forms, completed.

On date of Monday, April 5th, 2024, Plaintiff received response through email correspondence which stated: courtesy trace is in process, acknowledgement which included caused negative experience feedback, acknowledged forms receipt.

- 16

## Relief Request

1. Plaintiff demands $4,700.00 USD due loss property
2. Interest: to be calculated at later date
3. Hospital invoices: $50,000.00 USD
4. Punitive Damages at ten times the awarded amount.
5. Total checked baggage/luggage fees: ≈ $180.00 USD
6. Grand total sought less interest: $548,800.00

<u>TRIAL</u>
Requested Trial by Judge

Dated this Monday of December 29th, 2025

*/s/ Kentrell Dewayne Roman*

Kentrell Dewayne Roman
Mailing Address:
2323 Curtis Street
Denver, Colorado 80205
Email: kentrellr@protonmail.com
Mobile No.: +1 (720) 233-3056

- 17